GEORGE ERWIN, APPELLANT, *v.* MARGARET DEZELL, RESPONDENT.

64 391
43ap608

64h . 391
84 AD⁴311

*Slander — words not actionable* per se *— special damages — when a charge is too vague.*

The complaint in an action for slander alleged that the defendant had stated that the plaintiff had been arrested for bastardy and had paid $100 to settle the matter; that in consequence of the defamatory words the plaintiff had been subjected to litigations which would not otherwise have been begun against him, and had been unable to sell his property.

A demurrer was interposed to the complaint.

*Held*, that the words were not actionable *per se.*

That the allegations of the complaint did not show special damage, not being made in regard to the plaintiff's vocation, and being merely equivalent to saying that his neighbors would no longer have anything to do with him.

APPEAL by the plaintiff George Erwin from an order of the Supreme Court, entered in the office of the clerk of St. Lawrence county on the 13th day of January, 1892, granting the defendant

judgment upon a demurrer to the complaint, and from an interlocutory judgment of the same court, entered in said clerk's office on the 3d day of February, 1892, sustaining the demurrer and dismissing the complaint with the usual leave to answer over.

*Forrest K. Moreland,* for the appellant.

*Maurice C. Spratt,* for the respondent.

The following is the opinion of the court at Special Term :

RUSSELL, J. :

This is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint attempts to charge a case of slander. The words alleged to have been spoken accuse the plaintiff of having been arrested for bastardy, and of having paid $100 to settle it. Inferentially it may be supposed, although the complaint does not charge it, that the offense committed by the plaintiff was of being the father of a bastard child.

The words are not actionable *per se.* It is no crime under the laws of the State of New York. It is within the reach of those laws for the protection of the public, so that the child will not become a burden upon the public, or have to be supported at the public expense. For that purpose the process of arrest is allowed against the reputed father and imprisonment may come, but only in the event that he fails to comply with the order of the court in regard to protecting the public.

It is, however, claimed that the complaint avers special damages. Those averments state that in consequence of these defamatory words the plaintiff has been subjected to litigations which would not have been begun against him ; has been unable to sell property, but in no case are the names or specifications given from which such a presumption may arise.

The words charged are not spoken of the plaintiff in regard to his vocation in life, and the complaint does not state what that vocation is. It may be fairly inferred that such a charge would, if credited at all, result in injury to the reputation of any person ; but this does not give a right of action. Such words fall in the class of cases which are not actionable, and as to the utterance of which a

man must rely upon the good name and repute which he has earned by his life amongst his neighbors, and which serves him in good stead on such occasions. The law cannot take cognizance of every malicious scandal which is uttered by one against his neighbor.

The only inference which can be drawn from the complaint to justify this assertion in regard to special damages is that the effect of these words, for some reason not disclosed, was magnified far beyond that which it would be in ordinary cases, to the all-around detriment of the plaintiff. It is equivalent to saying that his neighbors and those who might have dealt with him would not have anything to do with him because of the general blow to his reputation by the utterance of these words, not that they had any special, direct or unusual effect.

I do not overlook the general rule that the details of times, places and names are obtained in or from a pleading by other remedies than by demurrer. I am considering whether the general averments reach a sufficient statement of cause and effect to justify the court in saying that special damage fairly arose from the defamatory words.

Upon this inquiry I do not think the averments of the complaint sufficient, and, therefore, the demurrer is sustained, with leave to the plaintiff to amend upon payment of the costs of the action.

Present MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed on opinion of trial judge in court below.